United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BATM ADVANCED COMMUNICATIONS LTD,        No  C 06-2229 VRW

        Plaintiff,                ORDER

        v

GODIGITAL NETWORK CORP, et al,

        Defendants.
_____/

        On March 28, 2006, defendants GoDigital Network Corp ("GoDigital") and Frank Akers filed a notice of removal of this action from the Alameda County superior court. Doc #1. On April 7, 2006, plaintiff BATM Advanced Communications Ltd ("BATM") timely moved to remand. Doc #3.

        In any civil action in which federal jurisdiction is based solely on diversity of citizenship, "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 USC § 1441(b). BATM argues that removal

1 was improper because both GoDigital and Akers are California
2 residents.
3    The complaint alleges that GoDigital and Akers are
4 California residents. Doc #1, Ex 1 (Compl). In their notice of
5 removal, GoDigital and Akers admit they are both California
6 residents. Doc #1 ¶¶7-8. It is clear that removal on the basis of
7 diversity was improper. Further, no other basis for federal
8 jurisdiction appears on the face of the complaint, which alleges
9 only claims arising under state law. See generally Compl. Removal
10 was therefore improper.
11    BATM's motion to remand is accordingly GRANTED. This
12 action is hereby REMANDED to the Alameda County superior court.
13 BATM's administrative motion to hear its motion to remand on an
14 expedited basis, Doc #7, is DENIED AS MOOT.
15    BATM also requests an award of fees and costs on the
16 ground that there was no objectively reasonable basis for removal.
17 See 28 USC § 1447(c); Martin v Franklin Capital Corp, 126 S Ct 704
18 (2005). Notwithstanding that the action is remanded to the state
19 court, the court retains jurisdiction over BATM's motion for fees
20 and costs. See Moore v Permanente Medical Group, Inc, 971 F2d 443,
21 445 (9th Cir 1992). The court will hear the parties on this
22 motion, if at all, on June 22, 2006, the date originally noticed
23 for BATM's motion to remand.
24 //
25 //
26 //
27 //
28 //

With regard to the practice of the undersigned in calculating fee awards, the court directs the parties' attention to In re HPL Technologies Sec, Inc Litig, 366 F Supp 2d 912, 919-22 (ND Cal 2005) (Walker), and Willis v City of Oakland, 231 FRD 597, 600-02 (ND Cal 2005) (Walker) (applying the principles of HPL outside the class action context).

SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge